UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES DOYLE; ENVIRONMENTAL LAND TECHNOLOGIES LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> SALLY JEWELL et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No.: 2:13-cv-861-CW <br><br> Judge Clark Waddoups |

On June 25, 2014 the court held a hearing in this matter to address a Motion to Dismiss filed by Secretary of Interior Sally Jewell, the United States Fish and Wildlife Service and the Bureau of Land Management (collectively "the Federal Defendants"). Upon further review and consideration of the arguments and legal authority, the court concludes that amendment of the ruling is appropriate and necessary. Accordingly, this order hereby AMENDS and SUPERSEDES the court's oral ruling.

Plaintiff James Doyle filed a complaint based on alleged injuries he has suffered as a result of his property being included in the Red Cliffs Desert Reserve in Washington County, Utah. He asserts the Federal Defendants (1) have failed to implement a comprehensive management plan to his detriment; (2) have unreasonably delayed acquiring his property; and (3) have acted arbitrarily and capriciously in failing to comply with its commitments. During the hearing, the court questioned whether standing exists for any of the asserted grounds. Upon further review, however, the court concludes Doyle has standing to challenge the Federal Defendants' failure to implement a management plan.

Under the Administrative Procedures Act, Congress has stated that a "court shall . . . compel

agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004), the Supreme Court distinguished between agency action that is compelled by law versus land use management plans that may merely provide guidance. Specifically, the Court stated:

> [W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, *a court can compel the agency to act*, but has no power to specify what the action must be.

*Id.* at 65 (citations omitted) (emphasis added).

Congress created the Red Cliffs National Conservation Area and declared that by March 30, 2012, "the Secretary shall develop a comprehensive plan for the long-term management of the Nation Conservation Area." 16 U.S.C. § 460www(d)(1). The Congressional directive is mandatory "shall" not discretionary. Additionally, Congress directed the Secretary to allow only those uses that would further the purpose to conserve, protect, and enhance land within the Red Cliff area. *Id.* § 460www(e)(2). Further, the Act contemplates, but does not require, that land within the conservation area may be acquired. *Id.* § 460www(f). Thus, while the Secretary is not required to purchase land, she is required to implement the management plan to address how land within the area will be managed. The Secretary has failed to comply with this mandate.

While it is true that not everyone may claim standing simply because the Government has disregarded the law, *see Allen v. Wright*, 468 U.S. 737, 754 (1984), it is also true that when the Government's unlawful conduct causes injury to a particular individual or entity that person may have standing. *See e.g.*, *Sugar Can Growers Cooperative of Fl. v. Veneman*, 289 F.3d 89 (D.C. Cir. 2002); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 99 (9th Cir. 1995). In this case,

Doyle has land within the designated area. He therefore has more than a generalized interest in seeing that the management plan is developed. Indeed, Doyle asserts the delay alone is causing him harm and constitutes a redressible injury. Absent implementation of a management plan, he cannot know what guides and constraints the Secretary will impose. This failure to act is hampering his ability to move towards a final disposition of his property. Thus, it is the delay itself that is causing the harm, not what the final outcome will be of his property. This harm can be redressed by requiring the Federal Defendants to implement the management plan.

Finally, the court concludes that Section 702 of the APA does waive sovereign immunity. It states:

> A person suffering legal wrong because of agency action . . . is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages . . . shall not be dismissed . . . on the ground that it is against the United States.

5 U.S.C. § 702. "Agency action" is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*." *Id.* § 551(13) (emphasis added). Here, the failure to implement a management plan constitutes an agency action under Section 702 of APA. Thus, sovereign immunity has been waived and Doyle may proceed on this portion of his claim against the Federal Defendants.

## CONCLUSION

The court amends its oral ruling and hereby GRANTS IN PART and DENIES IN PART the Federal Defendants' Motion to Dismiss.[1] If Doyle still contends he has standing to assert claims due to the Federal Defendants failing to acquire his land or for acting arbitrarily and capriciously in

---

[1] Dkt. No. 27.

failing to abide by its commitments, the court grants Doyle leave to amend his complaint to assert additional factual and legal bases for jurisdiction.  Doyle shall file any amendment on or before **July 30, 2014**.  Otherwise, Doyle's claim shall proceed against the Federal Defendants based on their failure to implement a management plan.

Because a federal question still remains, the issue of supplemental jurisdiction is moot and further briefing on the matter is unnecessary.  The court directs Washington County to contact the court's courtroom deputy to schedule a hearing on Washington's County's motion to dismiss.

SO ORDERED this 26th day of June, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Court